# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 17, 2011 Session

## KENNETH E. DIGGS v. DNA DIAGNOSTIC CENTER

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004197-10      John R. McCarroll, Jr., Judge**

---

**No. W2011-00814-COA-R3-CV - Filed November 28, 2011**

---

The trial court dismissed Plaintiff's action for fraud based on the statute of limitations. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Kenneth E. Diggs, *Pro se*.

James E. Looper, Jr., and J. Bart Pickett, Nashville, Tennessee, for the appellee, DNA Diagnostic Center.

### MEMORANDUM OPINION[1]

This appeal arises from an action filed on August 24, 2010, by Plaintiff Kenneth E. Diggs (Mr. Diggs) against Defendant DNA Diagnostic Center ("DNA Diagnostic") in the Circuit Court for Shelby County. In his complaint, Mr. Diggs asserted DNA Diagnostic was liable for damages arising from "paternity fraud." Following DNA Diagnostic's motion for

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

a more definite statement, Mr. Diggs filed an amended complaint on February 14, 2011.

In his amended complaint, Mr. Diggs asserted that, on September 6, 2006, he sought DNA testing to determine whether he was the father of a minor child ("Child"). He asserted that the results identifying him as Child's father with a 99.9% certainty were notarized on September 14, 2006. Mr. Diggs stated that he sought the paternity testing during the course of divorce proceedings with his former wife, and that he was ordered to pay child support for Child. In his complaint, Mr. Diggs alleged that the test conclusions were inaccurate. He argued that, because only five of the fifteen alleles matched, paternity could be established with only a 33% likelihood of accuracy, and not 99.9%. He asserted that he is not Child's father, and prayed for damages in the amount of twenty million dollars.

DNA Diagnostics filed a motion to dismiss on February 24, 2011. DNA Diagnostics asserted that Mr. Diggs' claims arising from personal injury were time-barred by the one-year statute of limitations provided by Tennessee Code Annotated § 28-3-104, and that any claim for property damage was barred by the three-year statute of limitations provided by Tennessee Code Annotated § 28-3-105. It further asserted Mr. Diggs has failed to state a claim where he did not allege an act of fraud.

The trial court found that Mr. Diggs had signed a parenting plan in October 2007 admitting to paternity. The trial court also found that Mr. Digg's lawsuit was time barred by the statute of limitations because it was not filed until four years after the alleged injury. The trial court granted DNA Diagnostic's motion to dismiss the matter on March 25, 2011, and entered an order confirming the judgment as final on May 20, 2011. Mr. Diggs filed a timely notice of appeal to this Court.

### *Discussion*

On appeal, Mr. Diggs asserts the trial court erred by dismissing his complaint, and urges that he is not Child's father. He asserts DNA Diagnostic's conclusions are wrong because a match of five alleles of fifteen tested can establish paternity by a 33% likelihood, and not 99.9%.

Tennessee Code Annotated § 28-3-104 (2000) provides, in relevant part:

(a) The following actions shall be commenced within one (1) year after the cause of action accrued:

    (1) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, breach of marriage promise [.]

Tennessee Code Annotated § 28-3-105 (2000) provides:

> The following actions shall be commenced within three (3) years from the accruing of the cause of action:
>
> (1) Actions for injuries to personal or real property;
>
> (2) Actions for the detention or conversion of personal property; and
>
> (3) Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability.

It is undisputed that Mr. Diggs did not file his action until nearly four years after the alleged injury occurred. Therefore, his lawsuit is barred by the statutes of limitations contained in the Tennessee Code.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, Kenneth E. Diggs.

_____
DAVID R. FARMER, JUDGE